IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DORIAN H. FRISBY-JONES,
          Petitioner,        )
                                 )
    V.                         )     C.A. No. N19M-07-234-CEB
                                 )
KOLAWOLE AKINBAYO,      )
WARDEN (HRYCI),          )
AND TOBY DAVIS,          )
DOC CENTRAL RECORDS,   )
                                 )
          Respondents.    )

Submitted: July 31, 2019
Decided: October 25, 2019

*On Plaintiff's Petition for Writ of Mandamus.*
**DISMISSED.**

## <u>ORDER</u>

And now, this 25th day of October, 2019, the Court makes the following findings and conclusions.

1.    This is a Writ of Mandamus filed by an inmate of the Department of Corrections. He was serving a sentence of imprisonment since 2012 and, in the fullness of time, finally transferred to Level 4 Plummer Center.[1] While there, he was charged with Escape from the Plummer Center and, before indictment, he tendered a guilty plea to Escape 2d degree in return for a State recommendation of

---

[1] D.I. 1.

60 days of additional imprisonment.[2] On April 23, 2019, the Court accepted his plea and sentenced him according to the plea agreement.[3]

2. Sometime in the weeks after he entered his plea, Plaintiff learned that some 270 of his good time credits had been removed and his release date – which was imminent when he was sent to the Plummer Center – was now almost a year away.

3. Plaintiff filed this Writ of Mandamus – an extraordinary remedy – essentially to have his good time credits restored as he believes they were taken from him without notice or an opportunity to be heard.[4]

4. The State has responded by moving to dismiss the Complaint and referring the Court to 11 Del. C. §4382(a), which provides as follows:

> Any person subject to the custody of the Department at Level IV or V *shall*, upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; *this forfeiture is not subject to suspension.* (emphasis added).

Since the Defendant was in custody at a Level IV facility at the time he committed the offense, the State's logic is flawless: all of Defendant's good time credits are forfeited, as a matter of law, upon conviction of escape occurring during the period of his time at Level 4.

---

[2] *Id.*
[3] *Id.*
[4] D.I. 1.

5.     Because forfeiture of good time credits occurs by operation of the statute and there is simply no option to suspend such forfeiture, a defendant entering such a plea is not subject to a due process hearing within the institution at which to state his case why such a forfeiture should not take place.[5]

6.     Defendant had no right to a due process hearing, and the Department of Corrections did not violate any of Defendant's rights by giving effect to the statute revoking his good time credits. The Court notes that the record of Defendant's guilty plea does not reflect an understanding that the collateral consequence of his guilty plea was a revocation of all good time credits. The Court has invited the Defendant and his criminal attorney, as well as the State, to address that issue in connection with the voluntariness of the criminal guilty plea. The question will work itself out in the context of the criminal adjudication, but for now, the Plaintiff has no right to mandamus relief. His Complaint in mandamus, therefore, is **DISMISSED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[5] The Court notes, parenthetically, that this forfeiture *must* occur when inmates are convicted of even relatively minor offenses while at Level 5 or Level 4. These convictions have disparate impacts on inmates depending on the amount of good time credits they have banked. It is quite possible for a prosecution to result in freakishly disparate results, an issue that thankfully is not before the Court for now.